## 9146

### DUNLAP v. GREENVILLE, SPARTANBURG & ANDERSON RY. CO.

#### (85 S. E., 962.)

WILFULNESS.    CONTRIBUTORY NEGLIGENCE.    ISSUES.

1. WILFULNESS — CONTRIBUTORY NEGLIGENCE.—Contributory negligence is an affirmative defense to be made out by the preponderance of the evidence; and where there is evidence to support a finding of recklessness and wilfulness on the part of the defendant, the issue as to the availability of the defense of contributory negligence is for the jury.

2. VERDICT—ISSUES.—A verdict for only actual damages, in an action where the injury is alleged to have been recklessly and wilfully, as well as negligently caused, does not necessarily negative the existence of such recklessness and wilfulness and render the defense of contributory negligence applicable to the case.

3. RAILROADS—ACTION FOR INJURIES—WILFUL NEGLIGENCE—EVIDENCE.— In an action for injuries caused by the recklessness and wilful conduct of defendant's motorman, evidence that plaintiff, while crossing

defendant's road, was struck by a car coming around an obstruction to the view at a high speed without signals, and that the motorman did not see plaintiff or know that he was struck until after the car arrived at destination, was sufficient to sustain a judgment that defendant was guilty of recklessness and wilfulness.

Before DeVore, J., Greenville, February, 1915. Affirmed.

Action by Joseph Dunlap against Greenville, Spartanburg and Anderson Railway Company. From a judgment for plaintiff for $1,000, actual damages, the defendant appeals on the following exceptions:

First. The Circuit Court erred in refusing to direct a verdict in favor of the defendant, inasmuch as

(a) There was no evidence of negligence on the part of the defendant operating as a proximate cause of plaintiff's injury.

(b) There was no evidence of wantonness or wilfulness on the part of the defendant.

(c) The only reasonable conclusion to be deduced from the testimony was that the plaintiff was guilty of contributory negligence operating as a proximate cause of his injury, and that in going upon the track before the moving train he assumed the risk thereof.

Second. The Circuit Court erred in refusing to grant a new trial upon the following grounds, to wit:

(a) There was no evidence of negligence on the part of the defendant operating as a proximate cause of plaintiff's injury.

(b) There was no evidence of wantonness or wilfulness on the part of the defendant.

(c) The only reasonable conclusion to be deduced from the testimony was that the plaintiff was guilty of contribu-

FOOTNOTE.—See notes on contributory negligence as defense to action for wilful wrong in Ann. Cas. 1912a, 693. Burden of proof as to, 33 L. R. A. (N. S.) 1085.

tory negligence operating as the proximate cause of his injury, and that in going upon the track before the moving train he assumed the risk thereof.

Third. The Circuit Court erred in submitting to the jury the question as to whether the defendant was guilty of wantonness or wilfulness so as to preclude the defendant of contributory negligence, it being submitted that there was no evidence of wantonness or wilfulness on the part of the defendant.

*Messrs. Haynsworth & Haynsworth,* for appellant, submit: *Plaintiff's contributory negligence was apparent as matter of law:* 94 S. C. 143; 98 S. C. 494; 81 S. C. 193; 95 U. S. 697; 174 U. S. 379; 71 C. C. A. 89; Ann. Cas. 1912b, 1132, 1133; 80 Central Law Journal 142, 145; 29 L. R. A. (N. S.) 924; 108 N. Y. S. 245; 90 N. E. 1166; 7 S. C. 402; 34 S. C. 444; 67 S. C. 367.

*Messrs. McCullough, Martin & Blythe,* for respondent.

July 28, 1915.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action for personal injury. There are three exceptions, but they require the decision of only one question.

The complaint alleges that the injury was caused by the negligence, recklessness and wilfulness of the defendant. The defendant pleaded, among other things, contributory negligence.

It is manifest that if there was evidence from which the jury might have inferred recklessness and wilfulness, the question of contributory negligence need not be considered.

There was evidence that tended to show that the plaintiff, with another man, was walking along a public highway that crossed the line of defendant's road and that while

crossing the defendant's road he was struck by the forward end of defendant's car. That there was an engine on the Southern Railway that was near the crossing and above the defendant's road; that there was an abutment on the line of the Southern Railway that obstructed the view of the approach of defendant's car from travelers on the public highway until they were within forty-five feet of defendant's track; that defendant's car was run across the public highway at high speed; that no signals of its approach were given; that the motorman did not see the plaintiff or his companion and did not know that he had struck the plaintiff until after the car arrived at its destination, and then was informed by telephone.

There was conflicting testimony, but there was testimony to support a finding that there was recklessness and wilfulness.

It may be said that the jury found only actual damages, and, therefore, the finding negatived recklessness and wilfulness. The testimony was conflicting, and while the jury might not have found that there was a preponderance of the testimony in favor of the plaintiff on this issue, contributory negligence is an affirmative defense, and on that issue the defendant must make out its defense by the preponderance of the testimony and show that its defense was available.

"It may be said that wantonness and wilfulness has been eliminated from the case. As a foundation for punitive damages, they were eliminated from the case, but the defendant was still required to make out its affirmative defense of contributory negligence, and if the facts subsequently proven showed wilfulness, the plea could not prevail." *Carter* v. *Ry.,* 93 S. C. 329, 341, 79 S. E. 552.

The judgment appealed from is affirmed.